# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL REDFORD, | Civil No. 3:19-cv-0555 |
| Petitioner | (Judge Mariani) |
| v. | |
| Governor TOM WOLF, | |
| Respondent | |

## MEMORANDUM

Petitioner, Michael Redford, an inmate confined in the Calhoun State Prison, Morgan, Georgia, initiated the above captioned in the Commonwealth Court of Pennsylvania. By Notice of Removal dated March 29, 2019, the action was removed to the Middle District of Pennsylvania. (Doc. 1). The sole Respondent is Governor Tom Wolf. Presently before the Court is Respondent's motion to dismiss Plaintiff's complaint. (Doc. 3). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the Court will grant Respondent's motion to dismiss.

## I. Background

On a form complaint used in the Superior Court of the State of Georgia, Petitioner, crossed out "Georgia," inserted "Pennsylvania" and entitled his action a "Civil Action Mandamus," in which he seeks an order of court releasing him from prison "within 24 hours". (Doc. 6-1 at 7). Specifically, Petitioner alleges that Governor Tom Wolf allowed the governor of Georgia, the Philadelphia Sheriff and Northeast 52nd Precinct Police Department

to "kidnap" him "without extradition procedures, probable cause or Governor Wolf's official grant of extradition," in violation of Petitioner's "extradition process granted by the United States Constitution." *Id.* He asserts claims under (i) the Extradition Clause in the United States Constitution; (ii) Pennsylvania's Uniform Extradition Act; and (iii) various constitutional amendments. *Id.* For relief, Petitioner "seeks immediate release from prison in Georgia. *Id.* Specifically, he requests "Governor Wolf to call Governor Nathan Deal of Georgia and order within 24 hours of this court order release of [Petitioner] from Georgia's Calhoun State Prison, to end this interstate kidnapping." *Id*

## II. Standard

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. *See* Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from

them, viewed in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. *See Iqbal*, 556 U.S. at 678; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See*

*Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of *pro se* prisoner litigation, the court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

## III. Discussion

Pursuant to 28 U.S.C. § 1361, "[t]he district courts ... have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Authority to issue a writ of mandamus is bestowed by the All Writs Act, 28 U.S.C. § 1651(a). *See Mitchell v. United States,* 419 F.Supp.2d 709, 712 (W.D. Pa.2005).

Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged.' " *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). The Supreme Court has said that "[t]he extraordinary remedy of mandamus ... will issue only to compel the performance of a 'clear nondiscretionary duty.' " *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121 (1988). To obtain such relief, "[t]he Petitioner must show that he has no other adequate means to attain

the relief he desires and that he has a clear and indisputable right to the writ." *Mitchell v. United States*, 419 F.Supp.2d at 712 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir.1995)). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 309 (1989) (Petitioners seeking a writ of mandamus "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.'") (citation omitted). Furthermore, even if such a showing is made, it is still within the district court's discretion to determine whether to issue the writ. *See Mitchell, supra* at 712 (citing *Glenmede*, 56 F.3d at 482). Finally, federal courts have no authority to issue a writ of mandamus to state officers or private citizens. *See, e.g., In re Razzoli*, No. 05–3797, 161 Fed. Appx. 203 (3d Cir. Jan.3, 2006) (holding that inmate's request for court order directing his release from prison was not available via a writ of mandamus and that such relief as available by filing a petition for writ of habeas corpus); *U.S. ex rel. Chapman v. Supreme Court of Pa.*, 151 F.Supp. 681, 682 (W.D.Pa.1957) (federal court is without authority to issue writ of mandamus against state officers in exercise of their discretionary duties).

Redford's prayer for a writ of mandamus in this case is misplaced on all fronts. First, he has failed to carry his burden of demonstrating that his right to the writ is "clear and indisputable ." *Mallard, supra*, 490 U.S. at 309. Nor is Plaintiff seeking to compel the performance of a "clear, nondiscretionary duty." *Pittston Coal Group*, 488 U.S. at 121. On the contrary, Petitioner's entitlement to relief here on the merits of his claims is dubious at

5

best. Moreover, Petitioner has other adequate means besides mandamus to address the alleged illegality of his underlying extraditions, convictions and sentences—namely potential habeas relief under 28 U.S.C. § 2254.[1] Finally, this Court has no authority to issue writs of mandamus against county or state officers. Thus, because Petitioner has failed to make the requisite showing of entitlement to mandamus relief, Respondent's motion to dismiss will be granted.

## IV. Conclusion

For the reasons stated above, Respondent's motion to dismiss Petitioner's action will be granted. This Court is without jurisdiction to entertain Petitioner's petition for writ of mandamus, or any habeas corpus petition, challenging his Georgia conviction. A separate Order shall issue.

Robert D. Mariani
United States District Judge

---

[1] To that end, Respondent indicates that Redford has already commenced a petition for writ of habeas corpus in the United States District Court for the Northern District of Georgia, seeking the exact same relief he seeks here. *See Redford v. Obama*, 16-CV-2083 (N.D. Georgia March 30, 2017). In the Georgia Action Redford filed a petition for a writ of habeas corpus (among myriad other filings) that challenged the legality of his pre-trial and postconviction confinement. See id. The Court denied Petitioner's challenge to his pre-trial confinement as moot because Petitioner had already been convicted. *Id*. The Court also dismissed without prejudice Petitioner's challenge to his post-conviction confinement for lack of exhaustion because Petitioner had not completed the appeal process in state court before commencing the Georgia Action in federal court. *Id*.